NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FOLEY, | No. 19-15269 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01024-JCM-VCF |
| v. | |
| SYLVIA TEUTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CLARK COUNTY DETENTION CENTER, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Michael Foley appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action arising out of his arrest and incarceration for failure to comply with child support orders. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Foley's claims against defendant Teuton because Teuton is entitled to quasi-judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (explaining judicial immunity and that it applies to "those performing judge-like functions").

The district court properly dismissed Foley's claims against defendant Wolfson because Wolfson is entitled to prosecutorial immunity. *See Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156-57 (9th Cir. 1987) (discussing prosecutorial immunity in the context of dependency proceedings).

The district court properly dismissed Foley's claims against defendants Harris, Bourne and Lombardo because Foley failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Long v. County. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (elements of a § 1983 claim); *see also Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("[P]rison officials charged with

executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders[.]").

The district court properly dismissed Foley's claims against defendant Grierson because Foley failed to allege facts sufficient to demonstrate Grierson personally participated in the violation of any constitutional right. *See Maxwell v. County. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) ("A supervisor is liable under § 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (citation omitted)).

The district court properly dismissed Foley's claims against defendant Clark County because Foley failed to allege facts sufficient to demonstrate a constitutional violation. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Lombardo's request to take judicial notice of the bench warrant, set forth in

the answering brief (Docket Entry No. 15) is granted.

All other pending requests are denied.

**AFFIRMED.**